IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RODNEY BEVINS                          :    CIVIL ACTION
                                       :
              v.                       :
                                       :
MICHAEL WENEROWICZ, et al.             :    NO.  11-2964

## REPORT AND RECOMMENDATION

**ELIZABETH T. HEY, M.J.**                                      **May 22, 2012**

 This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C.

§ 2254, by an individual currently incarcerated at the State Correctional Institution at

Graterford, Pennsylvania.  For the reasons that follow, I recommend that the petition be

denied.

## I. FACTS AND PROCEDURAL HISTORY

 On September 10, 2003, in the Court of Common Pleas of Philadelphia, Bevins

pled guilty to third degree murder, robbery and conspiracy based on a negotiated plea

agreement.  N.T. 9/10/03 at 2-3, 6-7, 10.  The Honorable Jane Cutler Greenspan later

summarized the facts underlying the plea as follows:

> On October 3, 2001, at approximately 3:00 p.m., [Bevins] and
> his female accomplice committed a robbery of the decedent,
> George McCleary, who was holding and dealing drugs from
> his home . . . .  Armed with a gun, [Bevins] ordered Mr.
> McCleary to hand over the drugs and proceeds.  When
> [Bevins'] hands were full with the various items that Mr.
> McCleary had handed over, Mr. McCleary attacked [Bevins]

in self-defense.  During the ensuing struggle, Mr. McCleary
was shot; and he was pronounced dead . . . .

Commonwealth v. Bevins, No. 0286 1/1, Opinion at 1-2 (Phila. C.C.P. Nov. 25, 2003).

At the sentencing hearing, but before Bevins was sentenced, his counsel informed the court that Bevins wished to withdraw his guilty plea and proceed to trial.  N.T. 10/28/03 at 2-3.  Judge Greenspan denied Bevins' request to withdraw his guilty plea, noting that he had admitted the robbery and shooting at his plea hearing, and had sent a pro se letter to Judge Greenspan in the interim apologizing for his actions.  Id. at 2-3. Judge Greenspan sentenced Bevins to 20-to-40 years for the murder, a consecutive term of 5-to-20 years for robbery, and a consecutive term of 5-to-10 years for conspiracy. Commonwealth v. Bevins, No. 0208 0286, Bills of Information (Phila. C.C.P. Oct. 28, 2003).[1]

---

[1]The transcript of the sentencing reflects that Judge Greenspan orally imposed a sentence of 5-to-10 (rather than 20) years for the robbery, which would result in an aggregate term of 30-to-60 years.   However, based on review of the entire record, the parties appear to mutually understand the total sentence to be 30-to-70 years.  The written plea colloquy, signed by Bevins, listed an aggregate term of 30-to-70 years.  At the plea hearing, the prosecutor recited the terms of the negotiated plea agreement including the agreed upon sentence of 30-to-70 years.  N.T. 9/10/03 at 2-3.  The sentence recorded on the Bill of Information for robbery, signed by Judge Greenspan, stated "[n]ot less than 5 years nor more than 20 years in state custody," which would amount to an aggregate term of 30-to-70 years.  Commonwealth v. Bevins, No. 0208-0286, Bill of Information (Phila. C.C.P. Oct. 28, 2003).  This sentence was repeated by Bevins' counsel in the direct appellate brief and by the Superior Court in its opinion on direct appeal.  Bevins also stated that his sentence was 30-to-70 years in his pro se PCRA petitions filed on November 7, 2005, and July 26, 2007.  In his habeas memorandum, Bevins notes that although he was sentenced to 30-to-60 years, the aggregate term transmitted to the

On November 5, 2003, Bevins' counsel filed a post-sentence motion to withdraw his guilty plea, which was denied by Judge Greenspan on November 10, 2003.[2]  Bevins, through counsel, filed a Notice of Appeal, and Judge Greenspan filed an opinion on November 25, 2003, explaining her reasons for denying Bevins' motion to withdraw his guilty plea.  Commonwealth v. Bevins, No. 0286 1/1, Opinion (Phila. C.C.P. Nov. 25, 2003).  On October 21, 2004, the Superior Court affirmed the judgment of sentence and found that Judge Greenspan properly denied Bevins' motion to withdraw his guilty plea. Commonwealth v. Bevins, No. 3508 EDA 2003 (Pa. Super. Oct. 21, 2004).  On July 27, 2006, the Pennsylvania Supreme Court denied allocatur.  Commonwealth v. Bevins, 903 A.2d 536 (Jul. 27, 2006) (table).[3]

---

Department of Corrections was 30-to-70 years.  Doc. 9 at 2 n.1.  Bevins does not rely on this sentencing discrepancy in challenging his plea.

[2]Neither the motion nor the order denying the motion is contained in the state court record and there is no docket entry for either.  However, Judge Greenspan referred to the motion and its filing date in her opinion addressing Bevins' issues on appeal, see Commonwealth v. Bevins, No. 0286 1/1, Opinion (Phila. C.C.P. Nov. 25, 2003), and Bevins' counsel referred to the denial of the motion in the Notice of Appeal.  See Commonwealth v. Bevins, No. 0209 0286, Notice of Appeal (Phila. C.C.P. filed Nov. 17, 2003).  The Superior Court referred to both in its opinion on direct appeal. Commonwealth v. Bevins, No 3508 EDA 2003, at 2 (Pa. Super. Oct. 21, 2004).

[3]On November 7, 2005, Bevins filed a petition pursuant to Pennsylvania's Pennsylvania's Post Conviction Relief Act, ("PCRA"), 42 Pa.C.S.A. §§ 9541-9551. Appointed counsel filed an amended petition on January 26, 2006, seeking reinstatement of Bevins' right to seek allocatur.  On March 7, 2006, Judge Greenspan granted Bevins' the right to file for allocatur nunc pro tunc.  Commonwealth v. Bevins, No. 0208-0286 (Phila. C.C.P. Mar. 7, 2006).

On July 26, 2007, Bevins filed a second PCRA petition.  Appointed counsel filed an amended PCRA petition on Bevins' behalf on August 28, 2008, claiming that Bevins' plea counsel was ineffective for failing to timely file a presentence motion to withdraw Bevins' plea, and for failing to properly explain Bevins' rationale for withdrawing his plea.  Commonwealth v. Bevins, No. 51-CR-0802861-2002, Amended Petition for Relief under the Post-Conviction Relief Act (filed Aug. 28, 2008).  Appointed counsel filed a supplemental petition on February 4, 2009, alleging that Bevins had a substantial issue regarding self-defense, had communicated with his trial counsel that he wished to withdraw his plea prior to the sentencing, and that trial counsel tried to dissuade Bevins from withdrawing the plea prior to sentencing.  Commonwealth v. Bevins, No. 51-CR-08022861-2002, Supplemental Amended Petition for Relief under the Post-Conviction Relief Act (Phila. C.C.P. filed Feb. 4, 2009).  On August 28, 2009, the Honorable Teresa Sarmina, to whom the case was assigned upon Judge Greenspan's elevation to Justice of the Pennsylvania Supreme Court, dismissed Bevins' PCRA petition.  On August 13, 2010, the Superior Court affirmed the denial of PCRA relief.  Commonwealth v. Bevins, 1199 EDA 2009 (Pa. Super. Aug. 13, 2010).  On February 2, 2011, Bevins' petition for allocatur was denied by the Pennsylvania Supreme Court.  Commonwealth v. Bevins, 14 A.2d 823 (Pa. Feb. 2, 2010) (table).

On April 30, 2011,[4] Bevins filed this petition for habeas corpus claiming that the trial court erred in denying his pre- and post-sentence motions to withdraw his guilty plea, and that his trial counsel was ineffective for failing to file a pre-sentence motion to withdraw the plea and for failing to properly explain Bevins' rationale for seeking to withdraw the plea prior to the sentence. Doc. 1.[5] Bevins also filed a memorandum of law in support of his petition. Doc. 9. The District Attorney has responded, arguing that the claim of court error is not cognizable in habeas corpus and that Bevins has not alleged that his plea was unknowing or involuntary. With respect to the ineffective assistance of counsel claim, the District Attorney responds that the claim is meritless and the state court reasonably rejected the claim, and that to the extent Bevins seeks further review of the undeveloped portion of the claim, it is defaulted Doc. 15. Bevins filed a reply. Doc. 18. The case is now ripe for disposition.[6]

---

[4]Although the petition was docketed on May 4, 2011, the federal court employs the "mailbox rule." Thus, the petition is deemed filed when given to prison authorities for mailing. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)). Bevins signed his petition on April 30, 2011, and I will assume that he gave the petition to prison authorities for mailing on that date.

[5]In his memoranda, Bevins withdrew any claim relating to the trial court's denial of his written post-sentence motion to withdraw the plea. See Doc. 9 at 10 n.9; Doc. 18 at 3.

[6]There is no question that Bevins' petition is timely filed. His conviction became final on October 23, 2006, when the time for seeking certiorari in his direct appeal expired. See Gonzalez v. Thaler, 132 S.Ct. 641, 653 (2012) (when petitioner does not seek certiorari, his conviction becomes final "at the expiration of the time for seeking such review"). Bevins filed a PCRA petition 276 days later on July 26, 2007. That petition remained pending until February 2, 2011, at which time Bevins had 89 days

II.    **LEGAL STANDARD**

The federal courts' habeas review is limited in nature.  The Antiterrorism and

Effective Death Penalty Act ("AEDPA"), which became effective on April 24, 1996,

amended the standards for reviewing state court judgments in federal habeas petitions

filed under 28 U.S.C. § 2254.  Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir 2000).  The

AEDPA increased the deference federal courts must give to the factual findings and legal

determinations of the state courts.  Id. at 196 (citing Dickerson v. Vaughn, 90 F.3d 87, 90

(3d Cir. 1996)).  Pursuant to 28 U.S.C. § 2254(d), as amended by the AEDPA, a petition

for habeas corpus may only be granted if (1) the state court's adjudication of the claim

"resulted in a decision contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court of the United States;" or if

(2) the adjudication "resulted in a decision that was based on an unreasonable

determination of the facts in light of the evidence presented in the State court

proceeding."  28 U.S.C. § 2254(d)(1)-(2).  Factual issues determined by a state court are

presumed to be correct, rebuttable only by clear and convincing evidence.  Werts, 288

F.3d at 196 (citing 28 U.S.C. § 2254(e)(1)).  State court determinations of state law are

binding and cannot be reexamined.  See Priester v. Vaughn, 382 F.3d 394, 402 (3d Cir.

2004).

---

remaining to file a timely habeas petition.  Eighty-seven days later on April 30, 2011,
Bevins filed his habeas petition with two days to spare.

The Supreme Court has explained that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000).  With respect to "the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  Id. at 413.  The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable."  Id. at 409.  As the Third Circuit has noted, "an unreasonable application of federal law is different from an incorrect application of such law and a federal habeas court may not grant relief unless that court determines that a state court's incorrect or erroneous application of clearly established federal law was also unreasonable."  Werts, 228 F.3d at 196 (citing Williams, 529 U.S. at 411).

## III.   DISCUSSION

### A.   Court Error

Bevins first complains that the court erred in denying his pre-sentence request to withdraw his guilty plea.  The District Attorney responds that the claim presents an issue

of state law, not a federal constitutional violation cognizable in habeas corpus.  See Doc. 15 at 8-10.[7]

In order to be eligible for habeas corpus relief, a petitioner must be "in custody in violation of the laws or treaties of the United States."  28 U.S.C. § 2254(a).  Accordingly, a claim must be "cognizable" for purposes of federal habeas review, meaning that such review is limited to determining whether a conviction violated federal law.  "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Thus, unless a deprivation of rights under state law arises to a federal due process violation, it is not cognizable on federal habeas review.  Here, Bevins' argument that the state court erred in failing to allow him to withdraw his guilty plea does not rise to the level of a constitutional violation.

The Supreme Court has long held that "a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked."  Mabry v. Johnson, 467 U.S. 504, 508 (1984) (citing Tollett v. Henderson, 411 U.S. 258, 266-67 (1973)); see also Roten v. Deloy, 575 F.Supp. 2d 597, 605 n.3 (D. Del. 2008) (recognizing that there is no constitutional right to withdraw a guilty plea).

---

[7]Because Bevins presented the court error claim in his direct appeal and the state courts addressed the merits of this claim, it is considered exhausted for purposes of habeas corpus.  See 28 U.S.C. § 2254(c).

> A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence.  Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary.  If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack.

Lesko v. Lehman, 925 F.2d 1527, 1537 (3d Cir. 1991) (quoting United States v. Broce, 488 U.S. 563, 567 (1989)).

Bevins has not alleged that his plea was involuntary or unknowing in his habeas petition.  However, in his written motion to withdraw his guilty plea, Bevins argued that his plea "was not a knowing, intelligent and voluntary act because he was frightened and depressed on the day the plea was entered and the guilty plea was the product of his deteriorated physical and mental condition."  Commonwealth v. Bevins, No. 0286 1/1, Opinion, at 2 (Phila. C.C.P. Nov. 25, 2003).  The Superior Court rejected Bevins' argument that his claim of being frightened and depressed rendered his plea not knowing and voluntary, relying on the trial court's review of the written and oral plea colloquies. Commonwealth v. Bevins, No. 3508 EDA 2003 at 7 (Pa. Super. Oct. 21, 2004) (citing Commonwealth v. Bevins, No. 0286 1/1, Opinion at 3 (Phila. C.C.P. Nov. 25, 2003)).

To comport with due process, a defendant's plea of guilty must be voluntary and intelligent.  Boykin v. Alabama, 395 U.S. 238, 242 (1969); see also Hill v. Lockhart, 474 U.S. 52, 56 (1985) ("The longstanding test for determining the validity of a guilty plea is

9

'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'") (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)). A guilty plea may be constitutionally infirm if a defendant failed to understand the constitutional rights he was waiving by pleading guilty or had an incomplete understanding of the charges lodged against him. Henderson v. Morgan, 426 U.S. 637, 645 n.13 (1976). Boykin requires that "a guilty plea be a knowing, voluntary and intelligent act, undertaken with sufficient awareness of the relevant circumstances and likely consequences." Jamison v. Klem, 544 F.3d 266, 274 (3d Cir. 2008) (citing Boykin, 395 U.S. at 242). The determination of whether a guilty plea was "voluntary" for the purposes of the Constitution is a question of federal law, but the determination of the facts surrounding the plea itself are subject to AEDPA's highly deferential "clear and convincing" standard. See 28 U.S.C. § 2254(e)(1); Goggins v. Wilson, No. 07-1727, 2008 WL 343113, at *4 (E.D. Pa. Feb. 5, 2008).

"A habeas petitioner challenging the voluntary nature of his or her guilty plea faces a heavy burden." Zilich v. Reid, 36 F.3d 317, 320 (3d Cir. 1994). "[T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations made in open court carry a strong presumption of verity." Id. (alterations in original) (quoting Blackledge v. Allison, 431 U.S. 63, 73-74 (1977)).

10

Relying on the trial court's review, the Superior Court rejected Bevins' claim that

his plea was involuntary, finding that there was no evidence to support the assertion that

his deteriorated physical and mental condition produced his plea.

> The trial court responded to this argument as follows:
>> Here, [Bevins] signed and dated a written colloquy
>> signifying that he could read and write English, that he
>> was not suffering from any mental illness, that he was
>> not acting under the influence of any drugs or alcohol,
>> that no one had made any force or threats against him
>> to plead guilty and, finally, that he was satisfied with
>> the representation provided by his attorney.  (N.T.
>> Guilty Plea Colloquy, 9/10/03, at 3-6).
>
> (Trial Court Opinion, dated 11/25/03, at 3).  [Bevins] offered
> no factual averments or proposed testimony to substantiate his
> claim of a deteriorated mental state at the time of his
> colloquy.  Simply put, there is nothing of record to suggest
> [Bevins] was experiencing a deteriorated mental capacity
> during his colloquy.

Commonwealth v. Bevins, No. 3508 EDA 2003, at 7 (Pa. Super. Oct. 21, 2004).

After reviewing the colloquies, I conclude that the state courts properly applied the

applicable federal precedent and their determination was not an unreasonable

determination of the facts.  During the oral colloquy, the court defined third-degree

murder and the prosecutor stated the factual basis for the plea.  N.T. 9/10/03 at 4, 6-9.

Bevins stated that he was not suffering from any mental illness at the time, was not under

the influence of any drugs, alcohol, or medication, and understood the charges against

him, the rights he was giving up, and the sentence.  Id. at 3-5.  With nothing but his bald

11

assertion of being frightened and depressed, Bevins is not entitled to relief on the basis of

an alleged involuntary guilty plea.

The core of Bevins' argument is that the trial court should have granted his pre-

sentence request to withdraw his plea, which as a matter of state law could be granted for

a fair and just reason, including a claim of innocence.  See infra at 15.  However, there is

no flaw in the trial court's reasoning that Bevins' guilt was well established at the plea

and that he did not assert his innocence until his appeal.

> Here, [Bevins'] guilt was overwhelmingly clear.  On
> October 7, 2003, [Bevins] wrote a letter to [Judge Greenspan]
> apologizing for his crime and admitting his guilt, stating: "I
> pray that by my taking responsibility for my actions that at
> least a small part of the healing process can begin now. . . . I
> really messed up by taking a man's life. . . .  Additionally,
> [Bevins] admitted his guilt to the mental health investigator,
> indicating that "he [had] no wish to change his guilty plea,
> 'because if [he] went to trial, it could be a lot worse.'"
> (Mental Health Evaluation 9/12/03: 2).  It was not until
> [Bevins'] challenge to [Judge Greenspan's] denial of his
> motion to withdraw his guilty plea pre-sentence that he
> alleged his innocence.

Commonwealth v. Bevins, No. 0286 1/1, Opinion, at 4 (Phila. C.C.P. Nov. 25, 2003).  In

addition, in both the written guilty plea colloquy and at the plea hearing, Bevins admitted

shooting the victim during the course of a robbery when the victim attempted to defend

himself.  See Commonwealth v. Bevins, No. 0208-0286, Written Guilty Plea Colloquy

(Phila. C.C.P. Sept. 10, 2003); N.T. 9/10/03 at 4-10.  Thus, even assuming a cognizable

federal claim, to the extent Bevins relies on a claim of innocence, he is not entitled to relief.

**B.**     **Ineffective Assistance of Counsel**

Bevins' second claim also involves his guilty plea.  He asserts that his trial counsel was ineffective for failing to file a presentence motion to withdraw the plea and for failing to properly explain Bevins' rationale for withdrawing the plea in the early stages of the sentencing hearing.  The District Attorney responds that Bevins is not entitled to relief on the first aspect of this claim because there is no evidence that Bevins asked counsel to file a motion to withdraw the plea prior to the sentencing hearing, and that Bevins failed to properly develop and therefore has defaulted the claim as it relates to counsel's failure to explain the rationale for withdrawing the plea.  See Doc. 15 at 16-17.

Claims of ineffective assistance of counsel are governed by Strickland v. Washington, 466 U.S. 668 (1984).  In Strickland, the United States Supreme Court set forth the standard for a petitioner seeking habeas relief on the grounds of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Id. at 687.  In the context of a guilty plea, Strickland's prejudice test requires the petitioner to establish "that there is a reasonable probability that, but for counsel's errors [the petitioner] would not have pleaded guilty and would have insisted on going to trial." Lafler v. Cooper, 132 S.Ct. 1376, 1384-85 (2012) (quoting Hill, 474 U.S. at 59).  Because "it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable," a court must be "highly deferential" to counsel's performance and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Strickland, 466 U.S. at 689.

In the first part of his claim, Bevins asserts that his trial counsel failed to file a written motion to withdraw the guilty plea prior to the sentencing hearing.  See Doc. 9 at 15-16.[8]  The Superior Court found that counsel presented an oral motion to withdraw the plea at the outset of the sentencing hearing, which was denied by the trial court.  Because the Pennsylvania Rules of Criminal Procedure permit an oral motion to withdraw a plea prior to sentencing, the Superior Court found that Bevins' claim alleging ineffective counsel for failing to file a motion to withdraw the plea must fail.  Commonwealth v. Bevins, No. 1199 EDA 2009, at 3-4 (Pa. Super. Aug. 13, 2010).[9]  Because counsel did

---

[8]This portion of Bevins' ineffective assistance of counsel claim is exhausted because he presented it in his PCRA appeal and the Superior Court addressed the claim on its merits.

[9]In his memorandum of law, Bevins challenges the PCRA Court's determination that his counsel learned of his desire to withdraw the plea at the sentencing hearing.  See

present a motion to withdraw the plea orally, his assistance was not deficient under the Strickland standard.

The second part of Bevins' ineffectiveness claim deals with the sufficiency of counsel's oral motion to withdraw the plea.  The District Attorney argues that this portion of the claim is procedurally defaulted because the claim was not properly presented to the Superior Court in the appeal of his PCRA petition.  See Doc. 15 at 17 n.2.  Before addressing the alleged default, it is important to understand the basis for Bevins' claim.

Bevins argues that his counsel failed to properly explain Bevins' rationale for seeking withdrawal of the plea.  Under Pennsylvania law, a request to withdraw a guilty plea should be granted for any fair and just reason, and an assertion of innocence is sufficient, regardless of the credibility of the assertion and regardless of the strength of the evidence of guilt.  See Commonwealth v. Katonka, 33 A.2d 44, 47-50 (Pa. Super. 2011).  In his memorandum of law, Bevins explains that he acted in self-defense.  See Doc. 9 at 18.  According to Bevins, he sent a letter to his trial counsel on September 18, 2003 ( a week after his guilty plea and almost six weeks before his sentencing), asking to withdraw the plea because he was not guilty based on self-defense.  Id.[10]  Thus, Bevins

_____

Doc. 9 at 16.  Because the Superior Court found that counsel's oral motion sufficed to seek withdrawal of the plea prior to sentencing, there is no need to discuss the PCRA Court's determination in this context.

[10]In the letter, a copy of which is attached to his memorandum, Bevins stated, "I told you that he would have shot me!" and "I'm not guilty of that kind of murder and I ain't rob nobody."  See Doc. 9 Exh.  Bevins states that he attached this letter to his PCRA

alleges that trial counsel was ineffective for failing to present self-defense as the

justification for withdrawing his plea, and that had counsel acted properly Judge

Greenspan would have allowed him to withdraw his plea.

It is true that Bevins' counsel did not communicate his assertion of innocence

based on self-defense as such to the trial court.  At the sentencing hearing, the following

exchange took place immediately after court convened.

> **[Trial Counsel]:**   Your Honor, I was just advised,
> for the first time, that my client would like to withdraw his
> guilty plea.
> I apologize for the lateness.  I was just advised.
> **The Court**:         I don't really understand
> that.  He indicated to me, in a letter which I received from
> him, that he wants to apologize before he is sentenced, that he
> has found God, and that he is truly sorry.  I am getting mixed
> signals here.
> What is the possible basis for withdrawal, if you
> know?
> . . .
> **[Trial Counsel]:**   Your Honor, my client advises me
> that he misinformed the Court, and wants his right to a trial,
> and he wants to tell the truth at trial.

N.T. 10/28/03 at 2-3.

The difficulty with this claim arises from how it was presented to the state courts.

Bevins and his counsel presented the ineffectiveness claim on PCRA.  In his pro se

PCRA petition, Bevins alleged that his counsel was ineffective "for not clearly and

---

petition.  Id. at 3.  However, the letter is not attached to the PCRA petition in the state-
court record.

effectively asserting Defendant['ls Innocense [sic]" when moving to withdraw his guilty plea at the sentencing hearing, and also "for not preparing written motion to withdraw guilty plea prior to sentencing date upon rec[ei]pt of 2 letter's [sic] from Defendant advising him to do so. (See Attached.)."  According to Bevins, his letter to counsel asserted his innocence based on self-defense.[11]  Appointed counsel filed an amended petition, and then a supplemental amended petition, pursuing the claim that counsel was ineffective for failing to communicate Bevins' reasons for wishing to withdraw his plea. Then, in his statement of issues raised on appeal after the PCRA court denied the petition without a hearing, counsel stated that Bevins had written his counsel prior to the sentencing hearing asking to withdraw his plea, and that Bevins had a substantial defense to the charges in the form of self-defense.  Commonwealth v. Bevins, No. CP-51-CR-0802861-2002, Defendant's Response to the Court's Rule 1925(b) Order (May 11, 2009). The PCRA court addressed this claim on the merits recommending that the appeal be denied.  Commonwealth v. Bevins, No. CP-51-CR-0802861-2002, at 4-7 (Phila. C.C.P. Aug. 28, 2009).

However, Bevins' counsel did not develop the argument on appeal.  The Superior Court ruled on this issue in cursory fashion as follows:

---

[11]  The petition contained in the state record is not accompanied by any attachments. Bevins alleges that the same letter that is attached to his federal petition was attached to his pro se PCRA petition.  See Doc. 9 at 3.

> Appellant next claims, "Trial counsel was ineffective
> for failing to properly explain Appellant's rationale for
> withdrawing his guilty plea." Appellant's Brief at 10.
> Appellant, however, fails to offer what he believes the proper
> reasons were. This undeveloped claim warrants no relief.

Commonwealth v. Bevins, No. 1199 EDA 2009, at 3 (Pa. Super. Aug. 13, 2010). Thus,

the Superior Court essentially concluded that the issue was waived on appeal. Review of

the brief on appeal confirms that nowhere in the brief were any reasons given for Bevins'

eligibility for withdrawing his appeal. See Commonwealth v. Bevins, No. 1199 EDA

2009, 2010 WL 3995848, at *10-11, Appellant's Brief (Jan. 13, 2010). The District

Attorney argues that Bevins similarly fails to offer what he believes his counsel should

have said, and that any attempt to do so now would be defaulted in light of the Superior

Court's ruling. See Doc. 15 at 17 & n.2. Although I believe Bevins has alerted this court

to the basis for his desire to withdraw the plea, see Doc. 1 at 9-10 (ECF pagination), I

cannot ignore that Bevins' failure to properly present the claim to the Superior Court in

his collateral appeal results in a default of the issue.

In presenting claims on appeal, the petitioner must comply with the state's

procedural rules, thereby giving the state court a full and fair opportunity to address the

claims. If a state court declines to address a constitutional claim based on a state

procedural rule, the claim will be considered defaulted in the federal court.

> [A] state prisoner's habeas claims may not be entertained by a
> federal court "when (1) 'a state court has declined to address
> those claims because the prisoner had failed to meet a state
> procedural requirement,' and (2) 'the state judgment rests on

independent and adequate state procedural grounds.'" <u>Walker v. Martin</u>, 562 U.S. __, __ [131 S.Ct. 1120, 1127] (2011) (quoting <u>Coleman [v. Thompson]</u>, 501 U.S. [722,] 729-30 [(1991)]).

<u>Maples v. Thomas</u>, 132 S. Ct. 912, 922 (2012).  A decision based on a state procedural rule is considered independent if it does not rely on the merits of the federal claim or rest primarily on federal grounds.  <u>Harris v. Reed</u>, 489 U.S. 255, 260 (1989); <u>see also</u> <u>Ake v. Oklahoma</u>, 470 U.S. 68, 75 (1985).  "[A] state procedural ground is not 'adequate' unless the procedural rule is 'strictly or regularly followed,'" <u>Johnson v. Mississippi</u>, 486 U.S. 578, 587 (1988), and the rule "speaks in unmistakable terms." <u>Doctor v. Walters</u>, 96 F.3d 675, 683 (3d Cir. 1996).  Thus, the procedural disposition must comport with similar decisions in other cases so there is a firmly established rule that is applied in a consistent and regular manner "in the vast majority of cases." <u>Banks v. Horn</u>, 126 F.3d 206, 211 (3d Cir. 1997) (quoting <u>Dugger v. Adams</u>, 489 U.S. 401, 410 n.6 (1989)).

Here, Bevins' failure to develop the claim in this appellate brief resulted in the waiver of the claim in the Superior Court and the default of the claim in the federal court. <u>See</u> Pa. R.A.P. No. 2116(a) (issue must be presented in the Statement of Questions section of brief to be considered); <u>Sistrunk v. Vaughn</u>, 96 F.3d 666, 671 n.4 (3d Cir. 1996) ("the rules [of appellate procedure in Pennsylvania] dictate that an issue raised at the trial level but not preserved on appeal will not be considered by any subsequent appellate court."); <u>Jones v. Jones</u>, 878 A.2d 86, 91 (Pa. Super. 2005) (arguments not appropriately developed are waived); <u>Pelzer v. Vaughn</u>, No. 92-91, 1992 WL 95915, at

*5 (E.D. Pa. Apr. 16, 1992) ("If an issue has once been raised, but was not pursued to the higher courts, it is deemed waived, and further litigation on that issue will not be heard unless a petitioner can demonstrate cause and actual prejudice, or show that failure to consider the claims would result in a fundamental miscarriage of justice.").

Because this claim is defaulted, the federal court will consider the merits of the claim only if Bevins can establish cause and prejudice for the default or that a failure to consider the claim will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750. To meet the "cause" requirement to excuse a procedural default, a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Werts, 228 F.3d at 192-93 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). To establish prejudice, the petitioner must prove "'not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Id. at 193. In order for a petitioner to satisfy the fundamental miscarriage of justice exception to the default rules, the Supreme Court requires that the petitioner show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327 (1995) (quoting Carrier, 477 U.S. at 496). This requires that the petitioner supplement his claim with "a colorable showing of factual innocence." McCleskey v. Zant, 499 U.S. 467, 495 (1991)

20

(citing Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986)).  In other words, a petitioner must present new, reliable evidence of factual innocence.  Schlup, 513 U.S. at 324.

Turning to the question of cause, Bevins' default of his claim of trial counsel ineffectiveness arises from collateral appeal counsel's failure to develop the claim in his appellate brief.  The issue therefore becomes whether his collateral appeal counsel's ineffectiveness provides cause for Bevins' default.  The answer to this question, at least until recently, would have been a straightforward "no."  This is because in the past, the Supreme Court had held that "counsel's ineffectiveness will constitute cause only if it is an independent constitutional violation."  Coleman, 501 U.S. at 755.  Under this standard, counsel's ineffectiveness at the Superior Court level of the collateral appeal could not constitute cause because counsel is not constitutionally mandated at that level.  See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further.").

However, the Supreme Court recently added a level of complexity to the cause analysis.  See Martinez v. Ryan, 132 S.Ct. 1309 (2012).  In Martinez, state law precluded the petitioner from raising claims of trial counsel's ineffectiveness on direct appeal, and post-conviction counsel failed to raise the ineffectiveness claims in the post-conviction petition.  The Court, although not recognizing an independent constitutional violation, held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at

21

trial." Id. at 1315.  The Court explained that "if counsel's errors in an initial-review collateral proceeding do not establish cause to excuse the procedural default in a federal habeas proceeding, no court will review the prisoner's claims."  Id. at 1316.

I will assume for present purposes that Martinez applies to Pennsylvania defendants.  Nevertheless, unfortunately for Bevins, the Supreme Court's narrow exception allowing the ineffectiveness of counsel at initial-review collateral proceedings to provide cause to excuse the default of an ineffective assistance of trial counsel claim does not apply to his case.  Here, it is the alleged ineffectiveness of Bevins' appellate counsel in his collateral proceeding that resulted in the waiver of his trial counsel ineffectiveness claim.  Nothing in the Supreme Court's opinion suggests it can reach beyond the ineffectiveness of counsel at the first-level post-conviction proceeding to find cause for a default.  The Supreme Court made clear in Martinez that the key to its exception was the need to provide at least one judicial review of a claim of ineffective assistance of trial counsel.

> While counsel's errors in [other kinds of postconviction proceedings] preclude any further review of the prisoner's claim, the claim will have been addressed by one court, whether it be the trial court, the appellate court on direct review, or the trial court in an initial-review collateral proceedings.

Id. (emphasis added).  Here, Bevins did obtain review of his ineffectiveness claim during the initial review of his PCRA petition.  The PCRA court reviewed and rejected the claim.  See Commonwealth v. Bevins, No. CP-51-CR-0802861-2002, at 4-7 (Phila.

C.C.P. Aug. 28, 2009).  Based on <u>Martinez</u>, Bevins is therefore unable to establish cause

for his default, and I am constrained to conclude that Bevins' claim that his trial counsel

was ineffective for failing to articulate the rationale for the withdrawal of his plea is

defaulted, regardless of whether the PCRA court's ruling was reasonable.[12]

_____

[12]<u>Martinez</u> provides an avenue of review for a claim that would otherwise never
receive judicial scrutiny.  However, it offers no remedy for a defaulted claim that was not
properly considered by the state court, <u>i.e.</u>, that involved an unreasonable determination of
the facts or an unreasonable application of the law.  Here, Bevins claimed on PCRA that
weeks before the sentencing hearing he wrote to his counsel asking to withdraw his plea
based on a claim of self-defense.  <u>See supra</u> at 15-16.  The PCRA court concluded that
counsel had a reasonable strategic basis for not giving self-defense as a reason for
withdrawing the plea because Bevins had repeatedly asserted his guilt and his claim of
self-defense was untenable.  <u>See</u> <u>Commonwealth v. Bevins</u>, No. CP-51-CR-0802861-
2002, at 4-7 (Phila. C.C.P. Aug. 28, 2009).  The correctness of this ruling is in question in
light of Pennsylvania law allowing withdrawal of a plea for any fair and just reason,
including a claim of innocence, and without any requirement that the assertion of
innocence be credible.  <u>See</u> <u>Katonka</u>, 33 A.2d at 47-50.  The PCRA court's other reason
for denying Bevins PCRA relief was factual, because his counsel "ha[d] just been
informed of [Bevin]'s desire to withdraw his plea" at the outset of the hearing.  <u>See</u>
<u>Commonwealth v. Bevins</u>, No. CP-51-CR-0802861-2002, at 6 (Phila. C.C.P. Aug. 28,
2009).  This finding was based on counsel's statement at the sentencing hearing that he
was "just advised" that his client wanted to change his plea, and the fact that Bevins did
not contradict trial counsel when he was given the opportunity to address the court.
<u>Commonwealth v. Bevins</u>, No. CP-51-CR-0802861-2002, at 4 (citing <u>N.T.</u> 10/28/03 at 2).
However, review of the transcript discloses that Bevins was given no meaningful
opportunity to dispute counsel's representation because the court had already denied the
motion to withdraw the plea at the time Bevins was given his opportunity for allocution
prior to sentencing.  <u>N.T.</u> 10/28/03 at 3, 7-8.  Thus, the finding that Bevins did not give
his attorney advanced notice is tenuous based on the hearing transcript, and Bevins'
assertion that he did give his attorney advanced notice was not weighed as he was not
granted his request for an evidentiary hearing.  This review suggests that Bevins
presented a meritorious claim of ineffectiveness to the state court, which rejected it
without considering the truthfulness of Bevins' assertion that he timely asked his counsel
to withdraw his plea on grounds of innocence.  Nevertheless, the door that <u>Martinez</u>
cracked open does not swing wide enough to allow review of Bevins' claim.

Bevins could also overcome the default with a showing of actual innocence.  This requires him to supplement his claims with reliable evidence of actual innocence, which means factual innocence, not just legal insufficiency.  Schlup, 513 U.S. at 324; Bousley v. United States, 523 U.S. 614, 623 (1998).  Bevins has not made any such showing.[13]  Thus, the claim remains defaulted.

C.     **Motions for Counsel and an Evidentiary Hearing**

Bevins has requested the appointment of counsel and an evidentiary hearing to support his claims.  See Doc. 9 at 14; Doc. 18 at 4-5.  There is no right to counsel to pursue a habeas petition. See Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991).  However, the court does have discretion to appoint counsel when the "interests of justice so require."  18 U.S.C. § 3006A(a)(2).  In making this determination, the court should consider the complexity of the factual and legal issues in the case and the petitioner's ability to investigate facts and present his claims.  Reese, 946 F.2d at 264.  Counsel need not be appointed when the issues are "'straightforward and capable of resolution on the record' . . . or the petitioner had 'a good understanding of the issues and the ability to present forcefully and coherently his contentions.'" Id. (quoting Ferguson v. Jones, 905 F.2d 211, 214 (8th Cir. 1990); LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987)).

---

[13]To the extent complete self defense could make out a claim of actual innocence to excuse a procedural default, see Jaramillo v. Stewart, 340 F.3d 877, 882-83 (9th Cir. 2003), the state court properly determined that the facts of the case did not support this defense.  Commonwealth v. Bevins, No. CP-51-CR-0802861-2002, at 6-7 (Phila. C.C.P. Aug. 28, 2009).

With the exception of the ineffective counsel claim for failing to state the reasons for Bevins' request to withdraw the plea, Bevins presented his claims in the state court. His arguments there and here are not complicated and can be resolved on the record without the need for an evidentiary hearing. The ineffective counsel claim regarding the basis for the withdrawal of the plea is defaulted. Under the circumstances, I do not find that the interests of justice require the appointment of counsel.

The authority of the habeas court to hold an evidentiary hearing is even more limited. See 28 U.S.C. § 2254(e) (limiting evidentiary hearing to claims relying on new, retroactive, rule of constitutional law, or when the factual predicate of the claim could not have been discovered through due diligence, and the facts would establish that no reasonable fact finder would have convicted the petitioner). In this case, all but Bevins' final ineffectiveness claim were fully developed in the state courts. The remaining claim is defaulted and Bevins has not overcome the default. Therefore, there is no reason to undertake an evidentiary hearing to develop the facts of a defaulted claim.

## IV.   __CONCLUSION__

To the extent Bevins claims that the court erred in denying his request to withdraw his plea, the claim rests on state law, unreviewable by this court. He has failed to establish that his plea was unknowing or involuntary to render it constitutionally infirm. To the extent Bevins argues that his counsel was ineffective for failing to seek to withdraw the plea, his claim fails because his plea counsel did make an oral motion to

withdraw the plea prior to sentencing.  Finally, Bevins' claim that his trial counsel was

ineffective for failing to explain the basis underlying Bevins' desire to withdraw the plea

is defaulted and Bevins has failed to overcome that default.  There is no basis for the

appointment of counsel or an evidentiary hearing.

Therefore, I make the following:

## R E C O M M E N D A T I O N

AND NOW, this    22nd      day of      May                      , 2012, IT IS

RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be

DENIED.  There has been <u>no</u> substantial showing of the denial of a constitutional right

requiring the issuance of a certificate of appealability.  IT IS FURTHER

RECOMMENDED that the Petitioner's requests for the appointment of counsel and an

evidentiary hearing be DENIED.  Petitioner may file objections to this Report and

Recommendation.  <u>See</u> Local Civ. Rule 72.1.  Failure to file timely objections may

constitute a waiver of any appellate rights.


/s/ Elizabeth T. Hey


_____

ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE